IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH W. HIGGINS,<br><br>               Plaintiff,<br><br>    vs.<br><br>**CHIEF JUDGE OF THE NEBRASKA SUPREME COURT**, in their official and individual capacity; **HEAD CLERK OF THE NEBRASKA SUPREME COURT**, in their official and individual capacity; **THE ARRESTING OMAHA POLICE AND POLICE DEPARTMENT**, in their official and individual capacity; **PETE RICKETTS**, Governor, in their official and individual capacity; and **BRAD ASHFORD**, Senator, in their official and individual capacity;<br><br>               Defendants. | 8:16CV434<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the initial review of Plaintiff Joseph Higgins's Complaint, ECF No. 1. Because Higgins is proceeding in forma pauperis, the initial review is conducted in accordance with 28 U.S.C. § 1915(e) to determine if summary dismissal is appropriate. For the reasons stated below, Higgins will be granted to leave to amend.

**STANDARD OF REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim; that

fails to state a claim upon which relief may be granted; or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id*. at 849 (internal quotation marks and citations omitted).

## DISCUSSION

The complaint essentially alleges that Higgins is being held on charges for which there is no supporting evidence. His incarceration[1] has been brought about by a civil conspiracy, in which the Chief Justice of the Nebraska Supreme Court, the Clerk of the Nebraska Supreme Court, the Omaha Police Department and its officer who presumably arrested Higgins, Governor Pete Ricketts, and "Senator" Brad Ashford are

---

[1] At the time Higgins initially filed his complaint, he was incarcerated at the Douglas County Correctional Facility in Omaha, Nebraska. Based upon the return address of his filings, Higgins has since been placed in the Lincoln Regional Center in Lincoln, Nebraska.


apparently participants. All defendants are sued in both their individual and official capacities. Higgins seeks immediate release from his confinement, five million dollars in damages from each defendant, and "the restoration of any property loss." ECF No. 1, Page ID 8. The complaint alleges that the defendants have conspired in violation of 42 U.S.C. § 1985(3). The complaint specifically directs the Court "not to construe this 42 U.S.C. Section 1985(3) complaint to be something other than [a] 42 U.S.C. Section 1985(3) complaint." ECF No. 1, Page ID 8.

> In order to succeed under Section 1985(3), a plaintiff must allege:
>
> (1) that the defendants conspired, (2) with the intent to deprive [him] of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that [he] was injured or deprived of having and exercising any right or privilege of a citizen of the United States.

*Mendoza v. United States Immigration & Customs Enf't*, __F.3d__, No. 16-1807, 2017 WL 676526, at *8 (8th Cir. Feb. 21, 2017) (alteration in original) (quoting *Crutcher–Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012)). Meeting the first element requires that a plaintiff "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id.* (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 685 (8th Cir. 2012)). Higgins's complaint—even when construed liberally—is entirely devoid of any such allegations. Therefore, Higgins will be given leave to amend his complaint.

The Court notes that Higgins seeks both his immediate release and monetary damages. In order to challenge his confinement at the Lincoln Regional Center on constitutional grounds, Higgins must file a petition for a writ of habeas corpus under 28

U.S.C. § 2254 after he has exhausted his state court remedies. *See Reddick v. Paine*, No. 8:16CV556, 2017 WL 405614, at *2 (D. Neb. Jan. 30, 2017) (noting that an action seeking immediate release of a plaintiff from the Norfolk Regional Center "can only be pursued in federal court through a habeas corpus proceeding and [the plaintiff] must first exhaust his state court remedies"). Accordingly,

IT IS ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently alleges a claim upon which relief may be granted. Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this action without prejudice and without further notice; and

2. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: March 31, 2017: Check for amended complaint.

Dated this 1st day of March, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge