# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH W. HIGGINS,<br><br>        Plaintiff,<br><br>vs.<br><br>CHIEF JUDGE OF THE NEBRASKA SUPREME COURT, in their official and individual capacity; HEAD CLERK OF THE NEBRASKA SUPREME COURT, in their official and individual capacity; THE ARRESTING OMAHA POLICE AND POLICE DEPARTMENT, in their official and individual capacity; PETE RICKETTS, Governor, in their official and individual capacity; and BRAD ASHFORD, Senator, in their official and individual capacity;<br><br>        Defendants. | 8:16CV434<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the initial review of Plaintiff Joseph Higgins's Amended Complaint, ECF No. 14.

## BACKGROUND

Joseph Higgins filed his initial complaint, ECF No. 1, while incarcerated at either the Lincoln Correctional Facility or the Lincoln Treatment Center. He alleged that he was charged with a crime for which there was insufficient evidence to proceed to trial; that he was denied a preliminary hearing; that he was denied his right to a speedy trial; and that he was denied his right of appeal and/or issuance of a writ. He also stated that his mental health history was shared without his consent, and he was given a "fabricated" mental health diagnosis. *Id.* ¶ 5, Page ID 6.

Higgins claimed that all of these actions were undertaken by Defendants as part of a civil conspiracy to deprive him of due process and his rights under the Fourth and Fifth Amendment in violation of 42 U.S.C. § 1985(3). The Complaint instructed the Court "not to construe this 42 U.S.C. Section 1985(3) complaint to be something other than [a] 42 U.S.C. [§] 1985(3) complaint." *Id.* ¶ 8, Page ID 8. The Complaint sought $5 million from Defendants "each both in their official and individual capacity; an immediate release from custody; and restoration of any property loss . . . ." *Id.*

Because Higgins filed his Complaint in forma pauperis, the Court conducted an initial review in accordance with 28 U.S.C. § 1915(e). *See* ECF No. 13. The Court determined that the Complaint failed to meet the pleading standards of 42 U.S.C. § 1985(3) and granted Higgins leave to amend. *Id.*

Higgins filed his Amended Complaint, ECF No. 14, on March 15, 2017. The Amended Complaint appears intended to supplement, rather than supersede, the original Complaint. The Court will interpret the Amended Complaint as supplemental so as to liberally construe the pleadings. *See* NECivR 15.1(b); *see also Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014)) (holding that pro se complaints must be "construed liberally").

The Amended Complaint states that Defendants "provided [Higgins] absolutely no preliminary hearing through force and intimidation" and that Higgins was "ruled as incompetent and sent to [Lincoln Regional Center]" without evidence. Amended Compl. ¶ 2, Page ID 45. The Amended Complaint further alleges that "the supreme court and the entire government workers through paperwork and conduct fail to act." *Id.* ¶ 4, Page

ID 45. Lastly, the Amended Complaint indicates that Higgins has been released from custody.

The documents filed with the Amended Complaint show that the Douglas County Attorney filed two informations on August 9, 2016, *id.*, Page ID 49 & 50, in the Douglas County District Court, each charging Higgins with one count of making terroristic threats, a Class IIIA felony, in violation of Neb. Rev. Stat. § 28-311.01(1)(a) (Reissue 2008). On August 16, 2016, Higgins, through his attorney, filed a motion in the Douglas County District seeking an examination to determine Higgins's competence to stand trial, pursuant to Neb. Rev. Stat. § 29-1823 (Reissue 2008). On August 16, 2016, the Douglas County District Court issued two orders, ECF No.14, Page ID 47 & 48, ordering Higgins transferred from the Douglas County Correctional Facility to the Lincoln Regional Center to evaluate his mental competency for trial.

On November 2, 2016, the Douglas County District Court entered an order, *id.*, Page ID 52, finding Higgins incompetent to stand trial, and ordering that he be held at the Lincoln Regional Treatment Center until he became competent. *Id.* The court also authorized the Lincoln Regional Center to administer psychiatric medication to Higgins in order to improve his mental health, and ordered the center to submit a written report every six months, after which the court would schedule a hearing to review Higgins's competency. *Id.*

## STANDARD OF REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim; that

3

fails to state a claim upon which relief may be granted; or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian*, 760 F.3d at 848 (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

## DISCUSSION

The Complaint and Amended Complaint state that Defendants conspired to deprive Higgins of "equal protection of the law," his "liberty interest," and his "right of due process" in violation of 42 U.S.C. § 1985(3). In order to succeed under Section 1985(3), a plaintiff must allege:

> (1) that the defendants conspired, (2) with the intent to deprive [him] of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that [he] was injured or deprived of having and exercising any right or privilege of a citizen of the United States.

4

*Mendoza v. United States Immigration & Customs Enf't*, __F.3d__, No. 16-1807, 2017 WL 676526, at *8 (8th Cir. Feb. 21, 2017) (alteration in original) (quoting *Crutcher–Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012)). To satisfy the first element, a plaintiff must "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id.* (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 685 (8th Cir. 2012)). Even construing the Complaint and Amended Complaint together liberally, Higgins has not alleged any specific facts showing the existence of an agreement between Defendants to deprive Higgins of his liberty.

Furthermore, the documents filed along with the Amended Complaint reveal that Higgins was placed at the Lincoln Regional Center and put on psychiatric medication in accordance with Neb. Rev. Stat. § 29-1823 (Reissue 2008). This resulted from a motion seeking a competency evaluation pursuant to § 29-1823 made by Higgins's attorney. *See* ECF No. 14, Page ID 54. The core allegation in Higgins's Amended Complaint—that he was incarcerated without a hearing—is contradicted by the court documents Higgins attached to the Amended Complaint. *See id.*, Page ID 52; s*ee also Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991) (citing *United States v. Walters*, 510 F.2d 887, 890 n.4 (3d Cir. 1975) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

Because the Complaint and Amended Complaint fail to state a claim upon which relief can be granted, the Court will not examine potential issues of sovereign immunity,

5

judicial immunity, or qualified immunity to which Defendants may be entitled, and the above-captioned action will be dismissed without prejudice. Accordingly,

IT IS ORDERED:

1. The above-captioned action is dismissed without prejudice;

2. Any pending motions are terminated; and

3. A separate judgment will be entered.

Dated this 15th day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge